Dong v. Holder

BIA
Wright, IJ
A200 905 363

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of October, two thousand fourteen.

PRESENT:
JOSÉ A. CABRANES,
GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
    *Circuit Judges.*
_____

XING LE DONG,

        *Petitioner,*

    v.                                          13-2819
                                                NAC

ERIC H. HOLDER, JR., UNITED
STATES ATTORNEY GENERAL,

        *Respondent.*

_____

FOR PETITIONER:        Thomas V. Massucci, New York, New
                       York.

**FOR RESPONDENT:**       Stuart F. Delery, Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Kimberly A. Burdge, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Xing Le Dong, a native and citizen of China, seeks review of a June 28, 2013, decision of the BIA affirming the November 22, 2011, decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief pursuant to the Convention Against Torture ("CAT"). *In re Xing Le Dong*, No. A200 905 363 (B.I.A. June 28, 2013), *aff'g* No. A200 905 363 (Immig. Ct. N.Y. City Nov. 22, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are

well established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

We conclude that the inconsistencies cited by the agency provide substantial evidence to support the adverse credibility determination.  For asylum applications like Dong's, governed by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's demeanor, the plausibility of his account, and inconsistencies in his statements, "without regard to whether" they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii).  We "defer therefore to [the agency's] credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam).

The agency reasonably based its adverse credibility determination on the inconsistencies between Dong's airport interview and the contradictory statements he made in his asylum application and at his hearing.  A comparison shows a substantial discrepancy.  Dong initially stated he fled China because his girlfriend was forced to abort a pregnancy, but he applied for asylum based on alleged past

3

persecution as a Falun Gong practitioner. On appeal, Dong argues, for the first time, that the airport interview is unreliable because the immigration officer "did nothing to encourage [him] to elaborate or explain" after he stated that he fled due to his girlfriend's forced abortion. However, this contention is both unexhausted because it was not proffered below, *see Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 124 (2d Cir. 2007) (recognizing that issue exhaustion is a mandatory, although not jurisdictional, requirement), and unavailing, as it is highly unlikely that further probing of Dong's forced abortion claim would have revealed a completely unrelated Falun Gong claim, *cf. Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (holding that the IJ is not required to accept even plausible explanations unless a reasonable fact-finder would be compelled to do so). Moreover, Dong's present explanation is itself inconsistent with his contention below that he never made the forced abortion claim. The IJ therefore did not err in relying on the airport interview. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 396-98 (2d Cir. 2005) (per curiam).

Moreover, the agency reasonably determined that there were additional inconsistencies relating to Dong's alleged past persecution as a Falun Gong practitioner. The

4

documentary evidence indicated that Dong was detained because of his attendance at Falun Gong organization activities, which differed from his testimony that his only arrest was for leafletting on his own. Although Dong explained that distributing leaflets was one such activity, where competing inferences may be drawn from the evidence we defer to the agency when, as here, "the deductions are not illogical or implausible." *Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) (internal quotation marks and citation omitted).

Having called Dong's credibility into question, the agency reasonably determined that his failure to corroborate his practice of Falun Gong in the United States further undermined his claim. *See* 8 U.S.C. § 1158(b)(1)(B)(ii) (providing that "[t]he testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, *but only if* the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee" (emphasis added)). "An applicant's failure to corroborate [his] testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to

5

rehabilitate testimony that has already been called into question." *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam). Dong argues on appeal that he offered an adequate explanation for his failure to provide witnesses: they either lacked status or "[did not] have time" or could not offer probative testimony because they did not practice Falun Gong. However, it was reasonable for the IJ and the BIA to find that these explanations were insufficient given that it would not have taken significant time to prepare a written statement. *See* 8 U.S.C. § 1254(b)(4) ("No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . [unless] a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable.").

The totality of the circumstances supports the adverse credibility determination given the completely different bases for asylum proffered at Dong's initial interview and in his testimony at the hearing, and his failure to corroborate the Falun Gong claim proffered at the hearing. Because all of Dong's claims depend on the same factual predicate, the adverse credibility determination is

dispositive of asylum, withholding of removal, and CAT relief.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang*, 426 F.3d at 523.

For the foregoing reasons, the petition for review is DENIED.  The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk